[No. 19077. Department One. September 29, 1925.]

F. E. LAMBERT, *Respondent,* v. H. R. POPE *et al.,
Appellants.*[1]

APPEAL (418)—REVIEW—FINDINGS. Findings on conflicting evi-
dence will not be disturbed where the court cannot say that the
evidence preponderates against them.

Appeal from a judgment of the superior court for
Spokane county, Blake, J., entered June 10, 1924, upon
findings in favor of the plaintiff, in an action on con-
tract, tried to the court. Affirmed.

*Hamblen & Gilbert* and *McWilliams, Luby, Pearson
& Orr,* for appellants.

*G. W. Sommer,* for respondent.

TOLMAN, C. J.—There is here involved a contract for
the exchange of a stock of general merchandise, lease-
hold and fixtures of a country store upon the one hand,
for real estate subject to an executory contract of sale
upon the other hand; the real estate to be taken at the
face value of the sale contract to which it was subject,
and the stock of merchandise to be inventoried by a

[1]Reported in 239 Pac. 216.

third person or umpire agreed upon; the words of the contract with respect thereto being:

"It is agreed that neither party hereto shall interfere in any manner with the taking of said invoice and inventory, but shall leave the same entirely to said McGinnis, and that said McGinnis shall invoice all of said property at the present whole cost fixing its value at Clayton, Washington, and in fixing the value and in taking said inventory, the decision of said J. F. McGinnis shall be final . . . ;"

the excess value of either property to be paid in cash by the party receiving it.

The inventory was taken by the person named and showed the store property to have an excess value of $6,171.56, which was paid in cash by the respondent and the exchange consummated. He thereupon took possession of the store property, and almost immediately conceived that he had been deceived and defrauded by the inventory and appraisement, and thereupon brought this action seeking to recover an amount in excess of $12,000, alleged to be his damages. The case was tried to the court, resulting in a judgment against the defendants in the sum of $6,236.79, from which they have appealed.

The record is voluminous and greatly involved. The exhibits are many and various, and the testimony is conflicting in the highest degree on every vital and controlling feature of the case. To attempt to detail the facts as we find them to be would be extremely laborious, would serve no good purpose and might lead to "confusion worse confounded."

With all of the care and patience we have been able to apply, we have been unable to see that the trial court adopted an erroneous standard of value or one differing from that set forth in the contract of the parties, or that the evidence preponderates against his

finding that the umpire placed an inflated, fraudulent and fictitious value upon the stock. Nor, under our settled and familiar rule applicable to questions of fact determined by the trial court, can we say that the amount of damages allowed is excessive.

The judgment appealed from is affirmed.

PARKER, MACKINTOSH, and ASKREN, JJ., concur.